# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**DANIEL C. HARRIS**                                                                 **PLAINTIFF**

**v.**                              **No. 4:17-CV-00465-KGB-JTK**

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions**
**not reserved to the Commissioner of**
**Social Security**                                                                  **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Kristine Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Daniel Harris applied for social security disability benefits with an alleged onset date of September 30, 2009. (R. at 234). After a hearing, the administrative law judge (ALJ) denied his application. (R. at 132). The Appeals Council denied his request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Harris has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.      The Commissioner's Decision**

Harris is insured through March 31, 2014. (R. at 117). The ALJ found that Harris had engaged in substantial gainful activity from September 20, 2009 through October 2013. (R. at 119). The ALJ found that, through the date last insured, Harris had the severe impairments of degenerative disk disease, personality disorder, and affective disorder (R. at 120). The ALJ then found that, through the date last insured, Harris's impairments left him with the residual functional capacity (RFC) to perform light work except that he could no more than occasionally climb, balance, crawl, kneel, stoop, or crouch; would be limited to simple, routine, and repetitive tasks in a setting where interpersonal contact is incidental to the work performed; and could respond to supervision that is simple, direct, and concrete. (R. at 122). The RFC precluded Harris's past relevant work. (R. at 130). However, a vocational expert (VE) testified that a person with Harris's RFC could perform jobs such as power screwdriver operator, can filling and closing machine tender, or compression molding machine tender. (R. at 131). The ALJ therefore held that Harris was not disabled. (R. at 132).

## II. Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir. 2000).

Harris argues that the ALJ failed to fully and fairly develop the record, failed to perform a proper credibility assessment, and did not properly consider the medical

evidence in composing the RFC. As the undersigned finds that the ALJ failed to properly consider the evidence, it is not necessary to reach Harris's other points.

As Harris engaged in substantial gainful activity until October 2013, the relevant period under consideration is November 2013 to March 2014. During this time, Harris was treated for several mental health issues. Harris argues that the ALJ failed to properly consider the global assessment of functioning (GAF) scores assessed by his treating mental health providers during this time. On November 19, 2013, Harris was assigned a GAF of 25 during an admission at the Bridgeway. (R. at 477–80). At discharge, Harris's GAF as assessed by Robert Jarvis, M.D. was 45. (R. at 475). His GAF on admission to Counseling Associates in January 2014 was 45. (R. at 539). On February 3, 2014, he was assessed with a GAF of 35. (R. at 556).

As Harris notes, the Eighth Circuit has found that a history of GAF scores under 50 is indicative of serious symptoms and that an ALJ may not ignore those scores. *Pate-Fires v. Astrue*, 564 F.3d 935, 944 (8th Cir. 2009). The Commissioner argues that the ALJ properly considered the scores by stating that they were considered and afforded little weight. (R. at 130). The undersigned cannot agree. The ALJ gave great weight to the opinion of consultative examiner Steve Shry, Ph.D., who examined Harris in September 2006, March 2014, and August 2014. (R. at 469–72, 561–65, 601–06). The ALJ did afford little weight to the September 2006 opinion, which was rendered years before the alleged onset date. (R. at 128). However, Dr. Shry's other examinations occurred near the end of the relevant time period and after the relevant time period. The GAF scores are the closest thing to an opinion from a treating mental health provider in the record, and they are consistently under 50 throughout the relevant time period. The ALJ did not specifically consider the scores but only dismissed GAF scores generally. (R.

at 130). The ALJ's consideration of Harris's mental health treatment records was cursory, while he considered Dr. Shry's opinions in depth. (R. at 125, 128–29). Furthermore, Dr. Shry's examination of March 2014 notes that the "examiner believes this exam to be invalid and is not a reliable indication of claimant's current intellectual and adaptive functioning level. Further evaluation appears to be warranted." (R. at 564). His August examination includes the same note. (R. at 604). While the ALJ can certainly consider Harris's apparent malingering in assessing the consistency of his subjective complaints with the medical evidence, the ALJ's assignment of great weight to Dr. Shry's opinions appears contrary to the opinions themselves. Certainly, the mental health treatment records and GAF scores are worthy of more detailed consideration where the consultative examiner believed his assessments to be invalid and where the GAF scores are the best indication of what the treating providers believed to be Harris's functioning level.

The medical evidence pertaining to Harris's mental impairments during the relevant time period requires further consideration.

## III.     Recommended Disposition

The ALJ failed to properly consider the evidence of Harris's mental impairments and the GAF scores. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to reconsider the mental health treatment records concerning the relevant time period.

Dated this 23rd day of August, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE